UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-23838-Civ-COOKE/TORRES

MARIPOSA ASSOCIATES, LTD.,
a Florida limited partnership,

    Plaintiff,

vs.

REGIONS BANK, an Alabama banking
corporation,

    Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

THIS MATTER is before me upon Plaintiff Mariposa Associates, Ltd.'s ("Plaintiff" or "Mariposa") Rule 59(e) Motion to Alter and Amend Omnibus Order on Motions for Summary Judgment and Memorandum of Law in Support ("Motion") (ECF No. 128). The motion has been fully briefed and is ripe for adjudication. I have reviewed the motion, the responses and replies thereto, the record, and the relevant legal authorities. For the reasons below, Plaintiff Mariposa's Motion is denied.

### I.    LEGAL STANDARD

Federal Rule of Civil Procedure 59(e) permits the amendment or alteration of a judgment if a motion requesting same is filed within 28 days after the entry of the judgment at issue. Fed. R. Civ. P. 59(e). A Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 (2008). Rather, "[t]here are three grounds which justify the filing of a motion for reconsideration: '1) an intervening change in controlling law; 2) the availability of new evidence; and 3) the need to correct clear error or prevent manifest injustice.' " *City of Fort Lauderdale v. Scott*, No. 10-61122-CIV, 2011 WL 1085327, at *1 (S.D. Fla. March 21, 2011) (quoting *Williams v. Cruise Ships Catering & Service Int'l, N.V.*, 320 F. Supp. 2d 1347, 1357 – 58 (S.D. Fla. 2004)).

## II.     DISCUSSION[1]

Mariposa contends that I should reconsider my Omnibus Order on Motions for Summary Judgment ("Omnibus Order") (ECF No. 127) for three reasons: (1) the 2008 Amendment to Loan Agreement's[2] payment provisions supersede the 2005 St. Lucie Note's provisions on releasing collateral, (2) the proceeds from the Miami-Dade Outparcel were sufficient to pay all of the enumerated payment items in the 2008 Amendment to Loan Agreement, and (3) that later-produced evidence shows that the Miami-Dade Borrower consented to the 2008 Amendment to Loan Agreement. I do not find that any of these issues warrant changing my Omnibus Order.

First, I do not believe the 2008 Amendment to Loan Agreement trumps or contradicts the St. Lucie Note from 2005. The amendment merely supplements the original note. The St. Lucie Note, a commercial loan agreement between Mariposa and Defendant Regions Bank ("Regions"), noted that Mariposa agreed to the "release of any such security," and agreed that Regions "shall not be required" to "perfect or enforce its rights against them or any security herefor . . . without notice thereof or further consent of Maker."[3] Promissory Note, Compl. Comp. Ex. B, at 67, ECF No. 1. As I stated in my Omnibus Order, "Regions had the option, but not the obligation, to seek any available security for the St. Lucie Note. . . . [I]t cannot be that [Regions's] release of the Miami-Dade Property constituted a breach of the agreement between the parties that resulted in damages to Mariposa." Omnibus Order Mots. Summ. J. 12, ECF No. 127. The 2008 Amendment to Loan Agreement between Mariposa and Regions enumerates how proceeds from a sale of the Miami-Dade Property or the Miami-Dade Outparcel could be applied in

---

[1] The pertinent facts and terms underlying this action are set forth more completely in my Omnibus Order on Motions for Summary Judgment (ECF No. 127).
[2] Mariposa refers to this agreement as the "Mariposa Amendment" in its Motion.
[3] The relevant provision in the St. Lucie Note is fully reprinted here:
> Maker and all sureties, endorsers, guarantors and any other party now or hereafter liable for the payment of this Note in whole or in part, hereby severally (i) waive demand . . . and all other notices (except any notices which are specifically required by this Note and any other Loan Document) . . . (ii) agree to any substitution, subordination, exchange or release of any such security or the release of any party primarily or secondarily liable hereon; (iii) agree that the holder hereof shall not be required first to institute suit . . . or to perfect or enforce its rights against them or any security herefor . . . without notice thereof or further consent of Maker or any guarantors to any of them.

Promissory Note, Compl. Comp. Ex. B, at 67, ECF No. 1.

one of four ways, as indicated by the "and/or" connector.[4] *See* 2008 Amendment to Loan Agreement, Compl., Comp. Ex. A, at 61, ECF No. 1. The provision did not obligate Regions to pay off the St. Lucie Loan first or at all. Taken together, the 2005 St. Lucie Note permitted Regions to release the security without notice and, if that security was sold, the 2008 Amendment to Loan Agreement outlined the four ways in which Regions could apply the proceeds.

The fact that Regions may have had enough funds to pay for all four enumerated items in the 2008 Amendment to Loan Agreement, including the St. Lucie Loan, through the sale of the Miami-Dade Outparcel (though Regions disputes this assertion) does not change my analysis. The payment provisions did not mandate that Regions pay off all four enumerated items even if it had sufficient funds to do so. As I stated in my Omnibus Order, "[t]he plain meaning of this provision, which uses the term 'and/or,' is that Regions (the 'Lender') could apply the net proceeds from the sale in any one of four ways. Nothing about this provision obligated Regions to choose to apply the proceeds in the first manner, i.e., 'to reduce the outstanding principal balance of the Loan.' " Omnibus Order Mots. Summ. J. 13.

Nor do Mariposa's newly produced Reaffirmation of Loan ("Reaffirmation") documents between Regions and the Miami-Dade Borrower change my conclusion. To be sure, additional inquiry into the Reaffirmation documents could alter my comments in the Omnibus Order about whether the 2008 Amendment to Loan Agreement was fully enforceable without the Miami-Dade Borrower's consent to the amendment. But even if the Miami-Dade Borrower consented to the 2008 Amendment to Loan Agreement, my analysis of the amendment and its relation to the St. Lucie Note stands.

---

[4] The relevant provision in the 2008 Amendment to Loan Agreement is fully reprinted here:
> In the event of the sale of a portion of the Premises (consisting of an 8 acre outparcel), Borrower shall pay Lender the net proceeds from such sale, which shall be applied: (i) to reduce the outstanding principal balance of the Loan; (ii) to replenish the interest reserve account in connection with: (a) the Loan and (b) that certain loan by Lender to Cornerstone CW, L.L.C. and Cornerstone CW Commercial, L.L.C. as evidenced by that certain Amended and Restated Promissory Note dated effective June 27, 2008 in the original principal amount of $10,850,000.00 ("Emerald Point Loan"); (iii) to pay 2007 ad valorem real estate taxes as described in subparagraph (f) hereof; and/or (iv) to pay 2008 ad valorem real estate taxes in connection with the Premises and the property that is security for the Emerald Point Loan (the "Emerald Point Property").

2008 Amendment to Loan Agreement, Compl., Comp. Ex. A, at 61, ECF No. 1.

### III.   CONCLUSION

For the foregoing reasons, it is **ORDERED and ADJUDGED** that Plaintiff Mariposa Associates, Ltd.'s Rule 59(e) Motion to Alter and Amend Omnibus Order on Motions for Summary Judgment and Memorandum of Law in Support (ECF No. 128) is **DENIED**.

**DONE and ORDERED** in chambers, at Miami, Florida, this 15th day of March 2016.

*(signed)* Marcia G. Cooke
MARCIA G. COOKE
United States District Judge

Copies furnished to:
*Edwin G. Torres, U.S. Magistrate Judge*
*Counsel of Record*